IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:13CR359 |
| | ) | |
| v. | ) | |
| | ) | |
| ANDRE GRIFFIN, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on defendant's motion to vacate, set aside or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 (Filing No. 53).

Defendant's § 2255 motion is predicated on two issues. First, the defendant claims he had ineffective assistance of counsel because his counsel allowed the defendant to accept a plea deal which found the defendant to be a career offender; the defendant claims he is not and cannot be a career offender. Second, the defendant claims he had ineffective assistance of counsel because his counsel allowed the defendant to take a plea deal which waived the right to appeal.

Preliminarily, the Court finds that the defendant's § 2255 is a collateral attack on his plea agreement. The Court finds that the defendant knowingly and voluntarily entered into that agreement. Thus, the waiver will be enforced and the

defendant's habeas petition must be denied.  *See United States v. Phillips*, 205 F. Supp. 2d 995, 997 (N.D. Ind. 2002).

Alternatively, the Court finds that the defendant's arguments lack merit.  *Compare* Cal. Penal Code 245(a)(1) ("Any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm. . . ."), *with* United States Sentencing Guidelines ("USSG") 4B1.1 (requiring a "crime of violence"), *and* USSG 4B1.2 (defining "crime of violence" as either a felony that "has as an element the use, attempted use, or threatened use of physical violence against the person of another" or "conduct that presents a serious potential risk of physical injury to another."); *United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003) (discussing the constitutionality of waiving an appeal) (citing *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000), *United States v. Morrison*, 171 F.3d 567, 568 (8th Cir. 1999), *United States v. Michelsen*, 141 F.3d 867, 871 (8th Cir. 1998), *United States v. Gray*, 152 F.3d 816, 819 (8th Cir. 1998), *Parke v. Raley*, 506 U.S. 20, 28 (1992))).  The Court also notes that the defendant thought that the designation of "career offender" was questionable when

he agreed to the plea deal (Filing No. 54, at 9). A separate order will be entered in accordance with this memorandum opinion.

DATED this 7th day of July, 2015.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court